Albert L. Jacobs,Jr. Pro Se

19034 N. 95th WAY

Scottsdale, AZ85255

480-502-5454

Albert@jacobsgroup.co

      And

Linda Spector Jacobs Pro Se

19034 N. 95th WAY

Scottsdale, AZ 85255

480-502-5454

Linda@jacobsgroup.co

FILED / LODGED
RECEIVED / COPY

OCT 2 7 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

CV-17-3967-PHX-JAT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PHOENIX

Albert L. Jacobs, Jr. Pro Se

    And

Linda Spector Jacobs Pro Se

 Plaintiffs

     v.

Wheaton Van Lines Inc.

 Defendant

## COMPLAINT FOR DECLARATORY JUDGMENT

1.Plaintiffs bring this action under 15 U.S.C.1661(i). Venue is based both on Defendant during business in Scottsdale AZ and having subjected itself to the jurisdiction of Maricopa County in Arizona by bringing an action against Plaintiff Linda Spector Jacobs under Case No. CV2016-053354 in the Superior Court for the State of Arizona in and for the County of Maricopa.

2.Plaintiff Albert Jacobs contracted with Wheaton Van Lines, Inc (Wheaton) to move a portion of the Jacobs' possessions from the apartment being sold in New York City to Mrs. Jacobs house in Scottsdale, AZ (address above). Mr. Jacobs signed the contract with Wheaton and gave Wheaton his City National Bank Visa (Visa) card to charge the move. (see attached Declaration of Mr. Jacobs).

3. When the Jacobs possessions arrived they had not been properly packed,a Wing Chair was either stolen or lost, and there was significant damage to a number of furniture pieces.

4. Pursuant to 15 U. S. C. 1661(i) Mr. Jacobs sought to resolve the damage with Wheaton. Wheaton, despite the fact they provided $35,000 of insurance on the move refused to attempt to settle the claim in good faith offering only a small fraction of the value of the stolen/lost and damaged goods.

5. Mr. Jacobs wrote to Visa and provided an itemized list of the stolen/lost and damaged goods. Visa initially gave Mr. Jacobs a $9500 credit on his Wheaton bill and based on a supplemental claim which Wheaton had authorized the Jacobs to file  increased the credit to $11,985.92 (see Jacobs Declaration).

6.Wheaton, dissatisfied with this result waited over a year and then sued Mrs. Jacobs for that exact sum.

7.The Jacobs have always kept their assets separate and upon moving to Arizona on or about April 1, 2015, executed a Post Nuptial Agreement reaffirming the total  separation of assets as they had maintained them in New York.The Visa bill (see Jacobs Declaration) shows only Mr. Jacobs received the $11,985.92 credit and Mrs. Jacobs did not  receive anything. None the less Wheaton has continued the law suit against Mrs, Jacobs and the Arizona State Court has refused to recognize the effect of 15 U.S.C. 1661(i).

8.Plaintiffs request that this Court hold 15 U.S.C.1661(i) is binding upon Wheaton and they are estopped from taking and further action against Mr. or Mrs. Jacobs with regard to the move.

9..In the accompanying Motion for a Preliminary Injunction , Plaintiffs request Wheaton be enjoined from pursuing its State Court Action against Mrs. Jacobs as well as any other action against either Mr. or Mrs. Jacobs relating to the move of their possessions from New York City to Scottsdale,

 Arizona.


## PRAYER FOR RELIEF

Plaintiffs request this Court to enforce 15 U.S.C. 1661(i) against Wheaton and the relief requested in paragraphs 8and  9, and Grant the Motion accompanying this Complaint for an Injunction against Wheaton taking any further action against Mr. or Mrs. Jacobs in connection with the move.

Plaintiffs further request Punitive Damages since they have no attorneys' fees and such other and further Relief as this court deems just and appropriate since Wheaton is attempting to render 15 U.S.C. 1661(i), a Federal Statute , a Nullity.


## Respectfully Submitted

Albert L. Jacobs,Jr. Pro Se

October 21, 2017                          Linda Spector Jacobs Pro Se

# *Law*SERVER

Are you an attorney? Add your profile ≫       LOG IN       SIGN UP

▤ Legal Topics     ▥ Research Laws     ⊕ Find a Lawyer     💬 Legal Q&A

Google Custom Search                                                          ×

# *Law*SERVER

Are you an attorney? Add your profile

LOG IN   SIGN UP

Legal Topics

Research Laws

Find a Lawyer

Legal Q&A

Google Custom Search

FreeCreditReport.com®

It's Free, No Credit Card Required. Get Your Free Credit Report Here.





U.S. Code > Title 15 > Chapter 41 > Subchapter I > Part D > § 1666i

# 15 USC 1666i – Assertion by cardholder against card issuer of claims and defenses arising out of credit card transaction; prerequisites; limitation on

## ▤ Related Topics

Credit Scores

Debt Collection Practices

Security Breach Notification

Security Freezes

Social Security Numbers

## 🔱 Featured Attorneys

# amount of claims or defenses

Current as of: 2014 | Check for updates | Other versions

## (a) Claims and defenses assertible

Subject to the limitation contained in subsection (b) of this section, a card issuer who has issued a credit card to a cardholder pursuant to an open end consumer credit plan shall be subject to all claims (other than tort claims) and defenses arising out of any transaction in which the credit card is used as a method of payment or extension of credit if (1) the obligor has made a good faith attempt to obtain satisfactory resolution of a disagreement or problem relative to the transaction from the person honoring the credit card; (2) the amount of the initial transaction exceeds $50; and (3) the place where the initial transaction occurred was in the same State as the mailing address previously provided by the cardholder or was within 100 miles from such address, except that the limitations set forth in clauses (2) and (3) with respect to an obligor's right to assert claims and defenses against a card issuer shall not be applicable to any transaction in which the person honoring the credit card (A) is the same person as the card issuer, (B) is controlled by the card issuer, (C) is under direct or indirect common control with the card issuer, (D) is a franchised dealer in the card issuer's products or services, or (E) has obtained the order for such transaction through a mail solicitation made by or participated in by the card issuer in which the cardholder is solicited to enter into such transaction by using the credit card issued by the card issuer.

## (b) Amount of claims and defenses assertible

The amount of claims or defenses asserted by the cardholder may not exceed the amount of credit



**Law Offices of Ronald E. Sholes, P. A.**
North Florida Accident and Personal Injury Lawyers
SEE PROFILE ›



**The Law Offices of Michael A. Dye, PA**
Fort Lauderdale criminal attorney Michael Dye completed his undergraduate s...
SEE PROFILE ›

**Are you a lawyer? Get listed**
If you are a lawyer, you can attract more clients with a targeted LawServer profile.
CREATE LAWYER PROFILE ›



The root of all your stomach



➡ *Watch Shocking Presentation*

outstanding with respect to such transaction at the time the cardholder first notifies the card issuer or the person honoring the credit card of such claim or defense. For the purpose of determining the amount of credit outstanding in the preceding sentence, payments and credits to the cardholder's account are deemed to have been applied, in the order indicated, to the payment of: (1) late charges in the order of their entry to the account; (2) finance charges in order of their entry to the account; and (3) debits to the account other than those set forth above, in the order in which each debit entry to the account was made.

## Related Laws U.S.

    ○ U.S. Code >
Title 15 > Chapter 41 >
Subchapter I - Consumer Credit
Cost Disclosure
    ○ 15 USC 1679 - Findings and
purposes
    ○ 15 USC 1679a - Definitions
    ○ 15 USC 1679b - Prohibited
practices
    ○ 15 USC 1679c - Disclosures

### Minnesota
    ○ Minnesota Statutes > Chapter
13C - Access to Consumer
Reports

### North Carolina
    ○ North Carolina General
Statutes > Chapter 66 > Article
30 - Credit Repair Services Act
    ○ North Carolina General
Statutes > Chapter 75 > Article 7
- Credit Monitoring Services Act

### Washington
    ○ Washington Code > Chapter
19.182 - Fair credit reporting act

‹ Previous
section

Part D
Contents

Next
section ›

## Korean Collection Lawyers
Seoul Lawyers - Collect debts your company is owed in Korea



# Ask a question

**Subject**

**Question**

Submit

# *Law*SERVER

Marketing opportunities       Contact us       About us       Privacy       Terms of use

LawServer is used by

   



LawServer is for purposes of information only and is no substitute for legal advice.

© 2016 LawServer Online, Inc. All rights reserved.

Back to Top ↑