**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert L Jacobs, Jr., et al., | No. CV-17-03967-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Wheaton Van Lines Incorporated, | |
| Defendant. | |

Pending before the Court are Plaintiffs' Motion for a Temporary Restraining Order ("Motion for TRO") (Doc. 11), Plaintiffs' Motion for a Preliminary Injunction ("Motion for Preliminary Injunction") (Doc. 13), and Plaintiffs' Motion for Default Judgment (Doc. 14).[1] The Court now rules on the motions.

## I. MOTIONS FOR TRO AND PRELIMINARY INJUNCTION

### A. Background

On December 6, 2017, Albert Jacobs and Linda Jacobs (collectively and individually, "Plaintiffs") filed the pending Motion for TRO (Doc. 11) and Motion for Preliminary Injunction (Doc. 13) against Wheaten Van Line, Inc. ("Defendant"). Plaintiffs seek a TRO and preliminary injunction to prevent Defendant from maintaining

---

[1] For any future filings, the Court directs Plaintiffs' attention to District of Arizona Local Rule Civil 7.1(b), which provides in part: "All pleadings, motions and other original documents filed with the Clerk shall be in a fixed-pitch type size no smaller than ten (10) pitch (10 letters per inch) or in a *proportional font size no smaller than 13 point*, including any footnotes." LRCiv 7.1(b) (emphasis added).

a state court action in Maricopa County Superior Court against Plaintiffs. (*See* Doc. 11 at 1-2). The Maricopa County Superior Court previously set December 14, 2017 as the date for Arbitration in Defendant's state court claim against Plaintiffs. (*See id*. at 1).

### B. Legal Standard

The test for a TRO is the same test as for a preliminary injunction. *See, e.g.*, *Ron Barber for Cong. v. Bennett*, CV-14-02489-TUC-CKJ, 2014 WL 6694451, at *2 (D. Ariz. Nov. 27, 2014). Under Rule 65(b) of the Federal Rules of Civil Procedure ("FRCP"), plaintiffs seeking a TRO or a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). Alternatively, the Ninth Circuit also provides that, when the latter requirements are met, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (internal citations and quotations omitted).

### C. Analysis

"The *Younger* abstention doctrine, as originally articulated by the Supreme Court, forbids federal courts from staying or enjoining pending state court proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1147 (9th Cir. 2007) (internal quotations omitted) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)); *see also* 28 U.S.C. § 2283; *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("*Younger v. Harris*[], and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."). Here, the Court may not intervene in the Maricopa County Superior Court proceedings referenced by Plaintiffs. As such, Plaintiffs have failed to demonstrate any likelihood of success on the merits because this Court is unable

to provide the relief Plaintiffs seek. Accordingly, Plaintiffs' Motion for TRO (Doc. 11) and Motion for Preliminary Injunction (Doc. 13) are hereby denied.[2]

## II. MOTION FOR DEFAULT JUDGMENT

On December 6, 2017, Plaintiffs filed the pending Motion for Default Judgment (Doc. 14).

### A. Background

Plaintiffs argue that "Defendant was serve[d] November 3rd[,] 2017," but Defendant failed to answer or otherwise plead to the Complaint (Doc. 1) in a timely manner. (Doc. 14 at 2). Under FRCP Rule 12, a defendant must serve an answer "within 21 days after being served with the summons and complaint." Under FRCP Rule 55(a), if a properly served party fails "to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In this case, Defendant did not answer or otherwise plead within 21 days of the day Defendant was purportedly served. Defendant first responded to Plaintiffs' Complaint (Doc. 1) several days after this deadline with a Motion to Dismiss (Doc. 16) filed on December 8, 2017.

### B. Legal Standard

"As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (citation omitted); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (explaining that the "strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits"). Districts courts have "broad discretion" in ruling on motions for default judgments. *Lowery v. Barcklay*, CV-12-1625-PHX-RCB, 2013 WL 2635576, at *4 (D. Ariz. June 12, 2013); *see, e.g.*, *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986) (holding that a district court did not abuse its discretion in denying a motion for default where a defendant answered late, but the plaintiff did not show prejudice from the delay); *Aldabe v. Aldabe*, 616 F.2d 1089,

---

[2] The Court need not analyze the remaining elements of the *Winter* test because Plaintiffs failed to establish the first element and must establish all elements in order for their motion to succeed.

1092 (9th Cir. 1980) (holding that a district court did not abuse its discretion in declining to enter a default judgment in favor of a plaintiff where the plaintiff's substantive claims lacked merit). The Ninth Circuit Court of Appeals provides that a district court may look at the following factors in considering a motion for default:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

### C. Analysis

Here, several factors weigh in favor of denying the instant motion. Plaintiffs have not made any showing of prejudice as a result of Defendant's failure to comply strictly with the time requirements of FRCP Rule 55(a) because Plaintiffs seek relief that this Court may not provide. *See supra* part I(C). Additionally, Plaintiffs have not shown any likelihood of success on the merits. Defendant fails to provide an excuse for its late answer, but Plaintiffs similarly fail to provide a compelling reason to overcome the strong policy preference against default. *See Eitel*, 782 F.2d at 1472. Accordingly, Plaintiffs' Motion for Default Judgment (Doc. 14) is hereby denied.

Plaintiffs have 30 days from the date of service of Defendant's pending Motion to Dismiss (Doc. 16)—which occurred on December 8, 2017—within which to serve and file a responsive memorandum in opposition. *See* LRCiv. 12.1(b), 56.1(d).

///
///
///
///
///
///
///

### III. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiffs' Motion for TRO (Doc. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Doc. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 14) is **DENIED**. The Clerk of the Court shall not enter judgment at this time.

Dated this 13th day of December, 2017.

James A. Teilborg
Senior United States District Judge