**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert L Jacobs, Jr., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Wheaton Van Lines Incorporated,<br><br>Defendant. | No. CV-17-03967-PHX-JAT (Lead)<br>CV-18-0181-PHX-JAT (Cons.)<br><br>**ORDER** |

Pending before the Court are several motions filed by Plaintiffs Albert L. Jacobs, Jr. and Linda Spector Jacobs (collectively and individually, "Plaintiffs") and Defendant Wheaton Van Lines, Inc. ("Defendant"). The Court has reviewed the motions and will address each in turn.

**I.  Background**

Plaintiffs contracted with Defendant, a moving company, to transport Plaintiffs' goods from New York to Arizona. (Doc. 1 at 2; Doc. 16-3 at 4–6). Following a dispute over payment, Defendant filed a breach of contract action on November 8, 2016 against Plaintiffs in Maricopa County Superior Court. (Doc. 1 at 2; Doc. 16 at 2). On May 15, 2017, Plaintiffs filed a counterclaim against Defendant in state court alleging that 15 U.S.C. § 1666i of the Fair Credit Billing Act barred Defendant's claims. (Doc. 16 at 2). The Maricopa County Superior Court later dismissed Plaintiffs' counterclaim on August 11, 2017 and sent the matter to arbitration. (Doc. 16 at 3; Doc. 16-2 at 2).

Plaintiffs then filed the instant action in this Court on October 27, 2017 seeking a declaratory judgment that 15 U.S.C. § 1666i is binding upon Defendant. (Doc. 1).[1] Plaintiffs also filed a Motion for Temporary Restraining Order ("TRO") (Doc. 11) and a Motion for Preliminary Injunction (Doc. 13) on December 6, 2017. This Court denied both motions in its Order (Doc. 18) dated December 13, 2017. On January 18, 2018, Plaintiffs filed a Notice of Removal (Doc. 1) of the pending state court matter under case number CV-18-0181-PHX, and simultaneously filed a Motion to Consolidate Cases (Doc. 21) with this case based on the common issue regarding 15 U.S.C. § 1666i. This Court granted Plaintiffs' unopposed Motion to Consolidate (Doc. 21) this case with CV-18-0181-PHX on March 23, 2018. (Doc. 29). This Order concerns motions filed both before and after consolidation. The Court will discuss other facts as necessary in the body of this Order.

**II. Plaintiffs' Motion for Leave to File (Doc. 7)**

Prior to the consolidation, Plaintiffs filed a Motion for Leave to File Amended Answer (Doc. 7) on January 29, 2018 in CV-18-0181-PHX. Defendant did not oppose the motion. Accordingly, the Court will grant Plaintiffs' Motion to File (Doc. 7) and lodged Doc. 8 shall be filed as Plaintiffs' Amended Answer.

**III. Plaintiffs' Motions for Sanctions (Doc. 11; Doc. 12)**

On March 12, 2018, Plaintiffs filed a Motion for Sanctions (Doc. 11) against Defendant for Defendant's alleged "refusal to comply with this Court[']s Order for Mandatory Disclosure" in CV-18-0181-PHX. (Doc. 11 at 1). Plaintiffs request their copy and mail charges for documents produced for and served on Defendant, and additional monetary sanctions in the amount of $10,000. (*Id*.).[2] "The failure to disclose information

---

[1] Plaintiffs' Complaint requests relief under "15 U.S.C. § 1661(i)," but no such statute exists. (*See* Doc. 1 at 2). Plaintiffs then attach a copy of "15 U.S.C. § 1666i" to their Complaint, so the Court will construe Plaintiffs' Complaint to mean that it is seeking relief under 15 U.S.C. § 1666i. (See Doc. 1 at 4-6).

[2] Although Plaintiffs do not cite a rule under which they seek sanctions in this Motion for Sanctions (Doc. 11), the Court will construe Plaintiffs' request under Federal Rule of Civil Procedure ("Rule") 37 for failure to comply with discovery rules based on Plaintiffs' related Motion for Sanctions (Doc. 12), which implicates Rule 37.

under [the federal rules] can result in sanctions, including excluding the evidence from trial and imposing monetary sanctions, unless the failure to disclose was substantially justified or harmless." *Accentra Inc. v. Staples, Inc.*, No. CV 07-5862 ABC (RZx), 2010 WL 8450890, at *4 (C.D. Cal. Sept. 22, 2010) (citing Fed. R. Civ. P. 37(c)(1)). Here, Plaintiffs provide no evidence or supporting documentation to support their Motion for Sanctions. (*See* Doc. 11). Accordingly, Plaintiffs failed to carry their burden on the motion and Plaintiffs' Motion for Sanctions (Doc. 11) is hereby denied.

Plaintiffs filed a related motion on March 12, 2018 seeking to bar evidence under Rule 37 for Defendant's alleged failure to comply with mandatory disclosure rules. (Doc. 12 at 1). Rule 37(b)(2)(A) provides that the Court may issue sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Plaintiffs allege that Defendant did not "produce any documents or name any persons with knowledge of the matter before this [C]ourt" prior to the disclosure deadline. (Doc. 12 at 1). Plaintiffs request that "this Court preclude [Defendant] from calling any witnesses and using any documents in this Court proceeding. [Plaintiffs] further request[] that [s]anctions be imposed." (*Id*.). Again, Plaintiffs fail to demonstrate why sanctions are proper and offer no explanation beyond the conclusory allegations referenced herein. Accordingly, Plaintiffs Motion for Sanctions (Doc. 12) under Rule 37 is hereby denied.

**IV. Objection to Defense Counsel's "Limited Appearance" (Doc. 20; Doc. 33)**

In this case, Plaintiffs filed an Objection (Doc. 20) to Defense Counsel's "Limited Appearance" on December 18, 2017. Plaintiffs later reiterated their Objection (Doc. 33) following consolidation on April 18, 2018. Defense Counsel previously filed a "Limited Notice of Appearance" (Doc. 15) on December 8, 2017 strictly for the purpose of arguing Defendant's Motion to Dismiss (Doc. 16) and related request for sanctions. Plaintiffs argue that they are "unaware of any provision for such a 'Limited Appearance'" and request that this Court direct Defense Counsel to "either make a general appearance or [Defendant] should be directed to appoint new counsel who would enter a General Appearance." (Doc. 20 at 2).

Plaintiffs are correct that the "Federal Rules of Civil Procedure do not expressly authorize or prohibit an attorney's limited scope appearance in a federal action." *Folta v. Winkle*, No. CV-14-01562-PHX-PGR (ESW), 2016 WL 4087103, at *1 (D. Ariz. July 28, 2016). "While the Local Rules of Civil Procedure in some districts expressly authorize limited scope appearances, the Local Rules of Civil Procedure in the District of Arizona are silent as to such appearances." *Id*. (citations omitted). Rule 83(b) provides that, in the absence of controlling law, a "judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." *Id*. at *2. In other cases, "judges in the District of Arizona have allowed attorneys to appear in prisoner civil rights cases for the limited scope of participating in the Court's inmate mediation program." *Id*. Therefore, "[a] limited scope appearance is not inconsistent with federal law or the Federal and Local Rules of Civil Procedure." *Id*.

Consistent with precedent in the District of Arizona, the Court finds that it may allow Defense Counsel to appear for the limited purpose of arguing Defendant's Motion to Dismiss (Doc. 16) and related request for sanctions under Rule 83(b). *See id*. "The Court further finds good cause to permit [Defense Counsel] to make a limited scope appearance for that purpose." *Id*. Accordingly, Plaintiffs' Objection (Doc. 20; Doc. 33) is hereby overruled.

## V. Defendant's Motion to Dismiss (Doc. 16)

Defendant filed a Motion to Dismiss (Doc. 16) on December 8, 2017 under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs filed a Response (Doc. 22)[3] on January

---

[3] According to District of Arizona Local Rule Civil 56.1, "the opposing party may, unless otherwise ordered by the Court, have thirty (30) days after service within which to serve and file a responsive memorandum in opposition" of a motion to dismiss for lack of personal or subject matter jurisdiction. *See* LRCiv 56.1(d); LRCiv 12.1(b). While Plaintiffs filed an Objection (Doc. 20) within the appropriate time period for a response, Plaintiffs did not file their Response (Doc. 22) until well after the applicable deadline. The Court will, however, consider Plaintiffs' untimely Response (Doc. 22) because doing so causes no prejudice to Defendant in this instance.

26, 2018 and Defendant filed a Reply (Doc. 23)[4] on February 6, 2018.[5] "Because a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction, the merits of the Rule 12(b)(1) motion will be discussed first." *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1095 (S.D. Cal. 2006) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)).

### A. Legal Standard

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010); Fed. R. Civ. P. 12(b)(1). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Fed'n. of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). In the case of a pro se complainant, the pleadings must be construed liberally, and the plaintiff must be given the "benefit of any doubt." *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002) (citations omitted). However, "even pro se plaintiffs must allege, with at least some degree of particularity, overt acts taken by [the] defendant which support [their] claims." *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1099 (S.D. Cal. 2006); *see also Ivey v. Bd. of Regents*, 673 F.2d 266, 268

---

[4] Defendant's Reply (Doc. 23) and associated documents appear in the docket three times—at Docs. 23–25—but will be referred to herein only as Doc. 23.

[5] Plaintiffs then filed a Motion for Leave to File "A Paper Correcting Material Omissions and Misstatements in [Defendant's] Reply" (Doc. 27) on February 13, 2018. Plaintiffs' motion effectively serves as a superfluous "Reply to Defendant's Reply" regarding Defendant's pending Motion to Dismiss (Doc. 16). A "Reply to Defendant's Reply" is not permitted by Rule 7 or District of Arizona Local Rule 7.2. *See* LRCiv 7.2(b)–(d). District of Arizona Local Rule 7.2 solely allows an opposing party to file a Response in opposing any motion. *Id*. Accordingly, Plaintiffs' Motion for Leave to File (Doc. 27) will be denied. The Court, however, has read Plaintiffs' "Reply to Defendant's Reply" and notes that nothing in Plaintiffs' proffered filing would change the Court's analysis with regard to the pending motions or a possible amendment of Plaintiffs' Complaint.

(9th Cir. 1982). Accordingly, the Court may not supply essential elements of the claim that were not pleaded to establish a claim or the basis for subject matter jurisdiction under Rule 12. *See id.*

Federal courts are courts of limited jurisdiction, and may only hear cases as authorized by the Constitution and Congress; namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Accordingly, on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff has the burden of demonstrating that subject matter jurisdiction exists in order to defeat a motion to dismiss. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

### 1. Evaluating a Complaint for Declaratory Judgment

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The phrase 'actual controversy' refers to 'cases and controversies' that are justiciable under Article III of the Constitution." *Aranki v. Burwell*, 151 F. Supp. 3d 1038, 1041 (D. Ariz. 2015) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). "Plaintiffs carry the burden to prove the existence of an actual controversy such that subject matter jurisdiction exists." *Id.* (citing *Cardinal Chem. Co. v. Morton Int'l Inc.*, 508 U.S. 83, 95 (1993)). Before it entertains a declaratory judgment, the Court must examine "whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). If not, then the case is not ripe for review and the Court lacks subject matter jurisdiction. *Id.*

Plaintiffs seeking a declaratory judgment do not establish federal subject matter jurisdiction simply by invoking their desire to seek a declaratory judgment. *See, e.g.*, *City of S. Bend v. S. Bend Common Council*, No. 3:12-CV-475 JVB, 2013 WL 149613, at *2 (N.D. Ind. Jan. 14, 2013). "To meet the subject matter jurisdiction requirement articulated in 28 U.S.C. § 1331, a declaratory judgment plaintiff must show that the anticipated suit, which has raised the need for a declaratory judgment, would satisfy federal jurisdictional standards." *Id*. "Accordingly, the premise that a federal defense to a state law action does not establish federal[ ]question jurisdiction remains true in a declaratory judgment context." *Id*. (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

### B. Analysis

Here, Plaintiffs ask the Court for a declaratory judgment that 15 U.S.C. § 1666i is binding upon Defendant, such that Defendant is "estopped from taking [] further action against [Plaintiffs]." (Doc. 1 at 2). Plaintiffs specifically ask the Court to enjoin Defendant from pursuing the related state court action (now removed and consolidated with this case) against Plaintiffs based on Plaintiffs' interpretation of 15 U.S.C. § 1666i. (*Id*.). In so doing, Plaintiffs implicitly argue that this Court has federal question jurisdiction over this matter. (*Id*.; *see also* Doc. 22 at 2).[6] As explained in this Court's prior Order on Motion for TRO (Doc. 18), this Court may not enjoin a pending state court action, nor may this Court estop Defendant from pursuing a cause of action elsewhere:

> "The *Younger* abstention doctrine, as originally articulated by the Supreme Court, forbids federal courts from staying or enjoining pending state court proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1147 (9th Cir. 2007) (internal quotations omitted) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)); *see also* 28 U.S.C. § 2283; *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("*Younger v. Harris*[], and its

---

[6] While the parties may be citizens of different states, Plaintiffs do not suggest that there may be diversity jurisdiction here because Plaintiffs do not assert that the amount in controversy could exceed $75,000. *See* 28 U.S.C. § 1332. To the extent that Plaintiffs' Complaint (Doc. 1) is read for damages, the disputed payment amount pertaining to Plaintiffs' moving expenses is $11,985.92. (*See* Doc. 16 at 3).

progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."). Here, the Court may not intervene in the Maricopa County Superior Court proceedings referenced by Plaintiffs.

(Doc. 18 at 2).

The Maricopa County Superior Court previously issued an order holding that 15 U.S.C. § 1666i did not apply in the case before it and later denied a motion for reconsideration. (*See* Doc. 16-5; *see also* Doc. 16-6). This Court will not reconsider that order.

To the extent that Plaintiffs attempt to raise a federal question in seeking a declaratory judgment that 15 U.S.C. § 1666i is binding upon Defendant, Plaintiffs' reliance on the statute is misplaced. "Section 1666i allows a cardholder to assert any non-tort claims or defenses arising out of the underlying credit card transaction *against a credit card issuer.*" *Beaumont v. Citibank (S. Dakota) N.A.*, No. 01 Civ. 3393 (DLC), 2002 WL 483431, at *5 (S.D.N.Y. Mar. 28, 2002) (citing 15 U.S.C. § 1666i(a)) (emphasis added). Section 1666i only governs transactions between a credit "cardholder" and a credit "card issuer"—it is undisputed that Defendant is not a credit card issuer. 15 U.S.C. § 1666i(a); *see, e.g.*, *Carter v. Collins*, No. 15-2011, 2015 WL 474359, at *3 (W.D. Tenn. Feb. 4, 2015) (dismissing a plaintiff's complaint brought under 15 U.S.C. § 1666i because the plaintiff provided "no specific factual allegations in the complaint" that the defendants were credit card issuers under the statute).[7]

Even though Plaintiffs refer to a federal statute in seeking a declaratory judgment, "review of the Complaint demonstrates that Plaintiffs' reference to [this] federal statute[] is made solely for purpose of obtaining jurisdiction, as the Complaint does not set forth a

---

[7] This Court notes that in rejecting Plaintiffs' request for relief under 15 U.S.C. § 1666i, the Maricopa County Superior Court similarly reasoned that "Federal statute 15 U.S.C. [§] 1666i governs transactions between a credit card holder and a credit card issuer. In this matter, [] Wheaton is neither a credit card holder, nor a credit card issuer. Any decisions made by unrelated credit card company have no relevance or bearing on the parties' transaction[.]" (Doc. 16-5 at 2).

viable cause of action against [Defendant] under the United States Constitution or other federal law." *Gonzalez v. Option One Mortg. Corp.*, No. 3:12-CV-1470 (CSH), 2014 WL 2475893, at *7 (D. Conn. June 3, 2014). "[W]hen a complaint states a cause of action under federal law that is clearly . . . immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous, there is no federal question jurisdiction." *Id.* (internal quotation marks and citations omitted). In accepting all factual allegations in Plaintiffs' filings as true and liberally drawing inferences from those allegations in the light most favorable to Plaintiffs, the Court finds that Plaintiffs fail to set forth any comprehensible federal claim. (*See* Doc. 1; Doc. 22 (asking the Court to "apply [15 U.S.C. § 1666i(a)] to this [i]nterstate move" without providing any basis in fact or law to support such an application when neither party is a credit card issuer)).[8] Accordingly, the Court finds no ground upon which to exercise subject matter jurisdiction herein. "[W]hen a federal court concludes that it lacks subject[ ]matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).[9]

### C. Alternative Basis for Dismissal

In finding that this Court lacks subject matter jurisdiction under Rule 12(b)(1), the Court need not address, much less rule on, whether the Complaint (Doc. 1) states a viable claim under Rule 12(b)(6). However, as an alternative basis for dismissal—if subject matter jurisdiction were deemed to exist—the Court finds that the allegations in the Complaint (Doc. 1) fail to set forth any claim upon which relief could be granted. *See Montana Envtl. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1191 (9th Cir. 2014) (recognizing that a district court may offer an alternative basis for dismissal when

---

[8] Defendant's original Complaint in Maricopa County Superior Court is based on state law breach of contract claims, which do not give rise to a federal question in any way. (Doc. 23 at 4).

[9] "Additionally, because this dismissal is for lack of subject matter jurisdiction, and not failure to state a claim, the Court will not grant Plaintiff[s] leave to amend." *Mitchell v. Nat'l Sec. Agency*, No. CV 09-1659-PHX-JAT, 2009 WL 5175053, at *2 (D. Ariz. Dec. 18, 2009) (citing *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

1 dismissing a claim for lack of subject matter jurisdiction under Rule 12(b)(1)).

Reading the present Complaint (Doc. 1) liberally and in the manner most favorable to Plaintiffs, the Court is unable to discern sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Stated differently, Plaintiffs fail to provide any "factual content that allows the [C]ourt to draw [any] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plaintiffs' claim for relief is premised on a statute that is wholly inapplicable to this case. *See supra* Part V.B; *see also Carter*, 2015 WL 474359, at *3. Accordingly, Plaintiffs' claim is not "plausible on its face" and would otherwise be dismissed under Rule 12(b)(6). *Id*.

## VI.  Defendant's Motion for Sanctions (Doc. 23)

Defendant's Reply (Doc. 23) in support of its Motion to Dismiss includes a request for sanctions under Rule 11. (Doc. 23 at 4–5).

### A.  Legal Standard

Sanctions are justified under Rule 11 "when a filing is frivolous, legally unreasonable, or without factual foundation, or brought for an improper purpose." *Estate of Blue v. Cnty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A filing is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). While Rule 11 "requires notice and an opportunity to be heard [prior to the imposition of sanctions], it does not necessarily require a hearing; the chance to respond through submission of a brief is usually all that is required." *J-Hanna v. Tucson Dodge Inc.*, No. CV 10-504-TUC-CKJ, 2013 WL 12196591, at *4 (D. Ariz. Sept. 30, 2013).

"Although Rule 11 applies to pro se plaintiffs, the [C]ourt must take into account a plaintiff's pro se status when it determines whether the filing was reasonable." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that a district court is "not at liberty to exempt automatically" a pro se plaintiff from the requirements of Rule 11); *see also*

*Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (holding that a district court "cannot decline to impose any sanction where a violation has arguably occurred simply because the plaintiff is proceeding pro se.").[10] While a pro se complaint "may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories," the Court must read pro se complaints "liberally" when considering whether to impose sanctions under Rule 11. *Warren*, 29 F.3d at 1390 (citation omitted).

**B.    Analysis**

Here, Plaintiffs bring forward an argument already rejected by the Maricopa County Superior Court in an attempt to persuade this Court to effectively reconsider the state court's holding. (Doc. 1 at 2). While this Court finds that it does not have subject matter jurisdiction herein, it recognizes that Plaintiffs reference a federal statute—albeit an inapplicable one—in seeking a declaratory judgment from this Court. The Court is mindful that simply misunderstanding the limitations of this Court's jurisdiction and the inapplicability of the referenced statute could be the cause of Plaintiffs' resulting motions. *See J-Hanna v. Tucson Dodge Inc.*, No. CV 10-504-TUC-CKJ, 2013 WL 12196591, at *5 (D. Ariz. Sept. 30, 2013). Accordingly, the Court declines to enter sanctions against Plaintiffs at this time.

Now that Plaintiffs have the benefit of receiving both this Court's Order on Motion for TRO (Doc. 18)—which was not available when Plaintiffs filed their Complaint seeking a declaratory judgment—and the instant Order, the Court trusts that Plaintiffs will understand that their arguments are misplaced and refrain from any future frivolous litigation.[11]

---

[10] While Defendant highlights that Albert L. Jacobs is an attorney admitted in the State of New York, he is not admitted in Arizona and is acting on his own behalf in this matter, so the Court will treat him as a traditional pro se plaintiff for the purpose of considering Defendant's pending request for Rule 11 sanctions. (*See* Doc. 23 at 4).

[11] Should Plaintiffs fail to understand that this case is closed and continue to file frivolous or duplicative motions, Defendant may file a renewed motion for sanctions, including attorney's fees. *See* Fed. R. Civ. P. 11.

- 11 -

### VII. Plaintiffs' Remaining Motion (Doc. 35)

Based on the Court's foregoing rulings, Plaintiffs' Motion for Summary Judgment (Doc. 35) is hereby denied as moot.

### VIII. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File (Doc. 7 in CV-18-0181) is **GRANTED** and lodged Doc. 8 (in CV-18-0181) shall be filed as Plaintiffs' Amended Answer.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions for Sanctions (Doc. 11 in CV-18-0181; Doc. 12 in CV-18-0181) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Objections to Defense Counsel's "Limited Appearance" (Doc. 20 in CV-17-03967; Doc. 33 in CV-17-03967) are **DENIED/OVERRULED**.

**IT IS FURTHER ORDERED** the Plaintiffs' Motion for Leave to File (Doc. 27 in CV-17-03967) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 16 in CV-17-03967) based on Rule 12(b)(1) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Request for Sanctions (part of Doc. 23 in CV-17-03967) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. 35 in CV-17-03967) is **DENIED as moot** (all other relief requested by Plaintiffs is denied as moot).

*///*
*///*
*///*
*///*
*///*
*///*

**IT IS FURTHER ORDERED** that Wheaton Van Lines, Inc. ("Wheaton") shall, within fourteen (14) days, lodge a proposed form of judgment for both CV-17-03967 (consistent with this Order) and CV-18-0181 (consistent with the arbitration award in state court entered prior to removal).[12] The Jacobs shall have fourteen (14) days to file any objections to the proposed form of judgment. If objections are filed, Wheaton shall reply within seven (7) days. Alternatively, if in light of this Order, Wheaton determines this Court lacks subject matter jurisdiction over CV-18-0181, Wheaton must (on the same timeline) submit a proposed form of judgment for CV-17-03967 and move to remand CV-18-0181.

Dated this 11th day of June, 2018.

*James A. Teilborg*
Senior United States District Judge

---

[12] The proposed form of judgment should encompass the dismissal of the counterclaim in CV-18-0181 by the state court judge prior to removal.